## UNITED STATES v. AMERICAN SURETY CO. OF NEW YORK et al.

### No. 11645.

Circuit Court of Appeals, Fifth Circuit.

Nov. 23, 1946.

Arthur L. Jacobs, Sp. Asst. to the Atty. Gen., and Sewall Key, Acting Asst. Atty. Gen., both of Washington, D. C., and Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Edith House, Asst. U. S. Atty., of Jacksonville, Fla., for appellant.

Joseph H. Ross, Cyril C. Copp, Walter C. Shea, Gordon McCauley, George C. Bedell, Joseph M. Glickstein, and William A. Carter, all of Jacksonville, Fla., Roger H. West, Frank E. Newlin, and W. J. Gardiner, all of Daytona Beach, Fla., T. G. Futch, of Leesburg, Fla., James J. Marshall, of Miami, Fla., and Willis Sherill, of West Palm Beach, Fla., for appellees.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The American Surety Company was surety on the bond of a public contractor conditioned "to pay all persons supplying labor and material in the prosecution of the work provided for in the contract." The contractor failed to make payment and the surety filed a bill in the nature of an interpleader, paying into court the amount of the bond, which is insufficient to pay all claimants. The United States intervened to assert a claim of over $16,000 due it for taxes, withheld by the contractor from the wages of employees in the work as income taxes and social security taxes due by the employees, as certain federal statutes required the employer to do. The intervention and objections to the claim were referred to a master, who reported the amount of the claim to be $16,150.42, but held it not to be a claim for labor or material supplied in the prosecution of the work within the coverage of the bond, and that the United States should not participate in the distribution of the fund in court. It was so decreed, and this appeal was taken.

The contention of the United States is that what was deducted from the employees' wages is still unpaid wages, the law having made the United States the payee thereof. The contention of the appellees is that by the express provision of the Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 1427, the "amount so deducted shall be considered to have been paid to the employee at the time of such deduction," so that there is no longer any liability on the employer to pay as wages, but he is under a new liability to the United States for taxes thus collected for the United States.

Counsel for appellant, however, presents to us, that we may consider whether the cause is moot (but not conceding that it is), authenticated copies of two certificates of credits allowed the United States in the General Accounting Office by the Comptroller General on Feb. 1, 1946, and Aug. 6, 1946, since the date of the decree appealed from, which show that the United States has been allowed credit for the very tax deductions here in dispute against the contractor's claim for work done under this contract. The certificates mean that the United States has elected to collect this tax claim directly from the contractor instead of out of this fund arising from the bond, and has received payment by offset in this way.

Appellees assert this appeal has thus become moot. We agree. The General Accounting Office has authority to make settlement and adjustment of all accounts for and against the United States. 31 U.S.C.A. §§ 44, 71, 74. Sections 227 and 228 relate to offsetting judgments, but the General Accounting Office has also the right to make set-off of opposing claims before judgment. See citations in note 12 under Sec. 71. Because the United States has collected its money since the decree in this way, and is certainly not entitled to have it twice, it is unnecessary to decide whether or not it might have been collected from the fund in court. The judgment on the intervention is therefore set aside, and the intervention dismissed as moot, without costs of appeal.